**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10367 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00863-RCC-CRP-1 |
| v. | |
| FABIAN DAVID MONGE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10370 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00863-RCC-CRP-5 |
| v. | |
| FRANK STEVE LOPEZ, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted March 9, 2015[**]
San Francisco, California

Before: WALLACE, M. SMITH, and WATFORD, Circuit Judges.

**1.** Defendants Fabian Monge and Frank Lopez contend federal prosecutors violated the Jencks Act, 18 U.S.C. § 3500, by failing to produce the Sierra Vista Police Department's recording of Belen Romero's interview. We need not resolve that issue because we conclude that, even if we credit defendants' argument, any violation that occurred was harmless. Romero's testimony had no impact on the case against Lopez, whom she did not even mention. Her testimony equally clearly had no effect on the first three counts of which Monge was convicted, as those convictions rested primarily on the testimony of Monge's other drivers. As to count four (which charged Monge with possession with intent to distribute on the day Romero was arrested with 272 pounds of marijuana), independent evidence of Monge's guilt—including the marijuana in the car, the route Romero drove, and other drivers' testimony that Romero worked for Monge—is strong enough to sustain the conviction beyond a reasonable doubt. *See United States v. Cardenas-Mendoza*, 579 F.3d 1024, 1032–33 (9th Cir. 2009).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**2.** Defendants also argue that the jury should have been instructed that it could draw an adverse inference from the government's failure to record a witness interview. The district court properly rejected defendants' proposed instruction as having no legal basis, and instead allowed defendants to argue for an adverse inference in closing arguments. Defendants cite no authority on appeal that calls into question the district court's ruling.

**3.** Nothing in the prosecutor's rebuttal argument warranted a mistrial. The prosecutor's allegations about the twin defendants and about reputation evidence had nothing to do with Monge and Lopez. None of the prosecutor's comments about the defense's case or the defense attorneys were impermissibly inflammatory. The prosecution's statement that witness Michael Kreyling "didn't lie" did not amount to a personal assurance of Kreyling's credibility but instead was a segue between a summary of Kreyling's testimony and the evidence corroborating it.

**4.** Appellant Monge's motion for resentencing is more appropriately directed to the district court in the first instance. We therefore DENY the motion without prejudice.

**AFFIRMED.**